**STATE OF MONTANA,**
  **Plaintiff,**                              **No. BDC-2003-368**
vs.                                           **Decision**
**PENNY K. WOOD,**
  **Defendant.**

On May 27, 2004, the defendant was sentenced to the following: Count I: In conjunction with having been adjudged a Persistent Felony Offender, Fifty (50) years in the Montana Women's Prison, with Thirty-five (35) years suspended, to run consecutive to the sentence imposed for Count I in Cause No. CDC-2002-278, for the offense of Negligent Vehicular Assault, a felony; Count II: One (1) year commitment to the Lewis and Clark County Jail, with all time suspended, to run consecutive to Count I, for the offense of Negligent Vehicular Assault, a misdemeanor; and Count V: Six (6) month commitment to the Lewis and Clark County Jail, with 161 days credit for time served prior to sentencing, to run concurrent with the sentence imposed for Count I in

Cause No. CDC-2002-278, for the offense of Driving Without Valid Liability Insurance in Effect, a misdemeanor.

On April 1, 2005, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Randi Hood. The state was represented by Carolyn Clemens.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 1st day of April, 2005.

DATED this 13th day of April, 2005.

Chairperson, Hon. Gary L. Day, Member, Hon. John Whelan and Member, Hon. Randal I. Spaulding.